UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 8, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Caroline R. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3025-BAH

Dear Counsel:

On November 22, 2022, Plaintiff Caroline R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8), the parties' dispositive filings[1] (ECFs 11 and 15), and Plaintiff's reply (ECF 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Defendant's motion, REVERSE the SSA's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on April 24, 2020, alleging a disability onset of January 1, 2018. Tr. 10. Plaintiff later amended her alleged onset date to April 24, 2020 (the application date of Plaintiff's SSI claim). Tr. 192. Plaintiff's claim was denied initially and on reconsideration. Tr. 101–10. On April 14, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–63. Following the hearing, on June 2, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 7–28. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Here, Plaintiff filed a brief and Defendant filed a motion for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

*Caroline R. v. Kijakazi*
Civil No. 22-3025-BAH
September 8, 2023
Page 2

**II.     THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since April 24, 2020." Tr. 13.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "attention deficit hyperactivity disorder (ADHD), bipolar disorder, borderline personality disorder, anxiety disorder, depressive disorder, schizophrenia, primary generalized epilepsy, and psychogenic nonepileptic seizures."  *Id*.  The ALJ also found that Plaintiff suffered from non-severe "GERD," "lower back pain," "right hip" pain, and "right knee pain." *Id*.  At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 14.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following limitations: She can frequently climb ramps or stairs, but never climb ladders, ropes, or scaffolds.  She can occasionally balance.  She can frequently stoop, kneel, crouch, and crawl.  She is limited to frequent use of the right lower extremity for pushing/pulling or operation of foot controls.  She needs to avoid work in an environment with more than a moderate noise level.  She needs to avoid work at unprotected heights or around dangerous moving machinery (i.e. forklifts).  She can understand and carry out simple instructions and routine, repetitive tasks.  She needs to avoid work requiring a high-quota production-rate pace (i.e. rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others).  She can perform work activities for up to 2 hours at a time but would then become distracted, causing her to be off task; however, time off task can be accommodated with normal breaks.  She can occasionally change activities or work settings during the workday without it being disruptive.  She can occasionally deal with changes in a routine work setting.  She can have occasional interaction with supervisors, co-workers and/or the general public.

Tr. 15–16.  The ALJ found that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 21–22.  Thus, the ALJ concluded that Plaintiff was not disabled.  Tr. 22.

*Caroline R. v. Kijakazi*
Civil No. 22-3025-BAH
September 8, 2023
Page 3

### III.   LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff raises two arguments. First, she argues that the ALJ erred by failing to evaluate her fibromyalgia "in accordance with" Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869 (S.S.A. July 25, 2012). ECF 11, at 7–17. Specifically, Plaintiff avers that the ALJ determined that her fibromyalgia was not medically determinable in spite of considerable evidence to the contrary. *See id.* Second, Plaintiff contends that the RFC is unsupported by substantial evidence because the ALJ "did not explain how he decided that a prohibition against 'production-rate pace' accommodates Plaintiff's difficulties maintaining concentration, persistence, or pace throughout the course of an eight-hour workday, or why he believed such a limitation would be sufficient to accommodate Plaintiff's impairments." *Id.* at 19. Defendant counters that: (1) Plaintiff failed to meet her evidentiary burden of demonstrating medically determinable fibromyalgia; and (2) the RFC "included limitations that adequately accounted for Plaintiff's moderate limitations concentrating, persisting, or maintaining pace." ECF 15-1, at 5–17.

The Court first addresses Plaintiff's argument that the ALJ's analysis failed to comport with SSR 12-2p. At step two, the ALJ determined that Plaintiff's fibromyalgia was not medically determinable[3] and provided the following analysis:

> There is reference to the claimant having fibromyalgia; however, the record does not include the medical evidence required for a fibromyalgia diagnosis pursuant to SSR 12-2p. Foremost, there must be a diagnosis by an acceptable medical source and the diagnosis cannot be inconsistent with other evidence. Moreover, a medically determinable impairment of fibromyalgia requires: a history of widespread pain and at least 11 positive tender points on physical examination and

---

[3] A claimant may be found disabled under the Social Security Act only if they have a medically determinable impairment. *See* 20 C.F.R. § 416.905. Such an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 416.921.

*Caroline R. v. Kijakazi*
Civil No. 22-3025-BAH
September 8, 2023
Page 4

> evidence that other disorders that could cause the symptoms or signs were excluded. Alternatively, a medically determinable impairment of fibromyalgia requires: a history of widespread pain and repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions and evidence that other disorders that could cause these repeated manifestations were excluded.

Tr. 13–14.  Plaintiff argues that this analysis precludes meaningful review because the ALJ failed to "specify what 'medical evidence' or what aspects of SSR 12-2p he believed to be insufficient." ECF 11, at 8.  Plaintiff avers that the "ALJ's failure of analysis is particularly harmful in this case because the record does include the medical evidence required for a fibromyalgia diagnosis pursuant to SSR 12-2p." *Id.* (emphasis omitted).  Specifically, she alleges that she "was first diagnosed with fibromyalgia in July, 2017, a few months before her alleged onset date of disability." *Id*. at 9 (citing Tr. 278).  To support this contention, Plaintiff cites an April 2019 "Adult Diagnostic Evaluation" which states that she "was diagnosed with fibromyalgia in July, 2017." *Id.*; Tr. 277–78.  But, as Defendant notes, the evaluation appears to be "an initial mental health intake performed by a licensed clinical social worker who was simply noting Plaintiff's medical history, part of which was based on Plaintiff's self-reports." ECF 15-1, at 7.  During the hearing, Plaintiff's counsel stated that Plaintiff "has been diagnosed with fibromyalgia by rheumatology" and referred the ALJ to Plaintiff's April 2019 Adult Diagnostic Evaluation.  Tr. 41.  However, the hearing transcript provides no additional detail as to the documents pertaining to Plaintiff's original fibromyalgia diagnosis.  *See* Tr. 34–63.  Plaintiff's brief provides a plethora of record citations which purportedly reflect her fibromyalgia as an "ongoing" issue, *see* ECF 11, at 9, but these citations shed no light on the specifics of Plaintiff's original fibromyalgia diagnosis.

Plaintiff further contends that she "was repeatedly diagnosed with 'Fibromyalgia M79.7' by her treating physician, Dr. Jeffrey L. Ukens, and by her treating primary care provider, Phyllis Queen, CRNP." *Id.*  But a review the record does not suggest as much.  In support of her contention, Plaintiff cites: (1) two clinic notes prepared by Ms. Queen that reference Plaintiff's fibromyalgia within an "Assessment/Plan" section; and (2) a clinic note prepared by Dr. Ukens that references Plaintiff's fibromyalgia within an "Assessment/Plan" section.  *See id.* (citing Tr. 456, 458, 474).  These clinic notes do not appear to provide their own fibromyalgia diagnoses; rather, they appear to reference an earlier physician's fibromyalgia diagnosis.  For example, Ms. Queen's May 4, 2018 clinic note states that Plaintiff's fibromyalgia is "[m]anaged on medications."  Tr. 456.  Dr. Ukens's October 5, 2018 clinic note states that Plaintiff "has [a] history of fibromyalgia for which she goes to rheumatology."  Tr. 473.

In light of the foregoing, it appears that the record repeatedly alludes to—but fails to actually document—a 2017 fibromyalgia diagnosis.  SSR 12-2p makes clear that such a diagnosis is necessary for an ALJ to find that a claimant's fibromyalgia is medically determinable.  *See* SSR 12-2p, 2012 WL 3104869, at *2 (requiring that fibromyalgia be established through evidence, provided by a "licensed physician," which "document[s] that the physician reviewed the person's medical history and conducted a physical exam"); *id.* (explaining that the SSA will find that a person has medically determinable fibromyalgia "if the physician diagnosed [fibromyalgia] and provides the evidence we describe in section II.A. or section II. B., and the physician's diagnosis

is not inconsistent with the other evidence in the person's case record."). Given this, as well as the insufficiency in the record discussed above, the ALJ correctly noted pursuant to SSR 12-2p that the record did not support a finding that Plaintiff's fibromyalgia was medically determinable. Tr. 13.

Nonetheless, the Court agrees with Plaintiff that remand is warranted. SSR 12-2p makes clear that "[i]n cases involving [fibromyalgia], as in any case, [the SSA] will make every reasonable effort to obtain all available, relevant evidence to ensure appropriate and thorough evaluation." SSR 12-2p, 2012 WL 3104869, at *3. SSR 12-2p also provides that when the SSA has insufficient evidence to determine whether fibromyalgia is medically determinable, the SSA "may take one or more actions to try to resolve the insufficiency." *Id.* at *4 (explaining that such actions include, among other things, a request for additional records). Moreover, the Fourth Circuit has recognized that an ALJ has a duty to "explore all relevant facts and inquire into issues necessary for adequate development of the record and cannot rely on the evidence submitted . . . [that] is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). "[R]emand is necessary if the record has evidentiary gaps that result in unfairness or clear prejudice." *Lorenzo H. v. Saul*, No. GLS-18-1211, 2019 WL 3720255, at *2 (D. Md. Aug. 5, 2019) (citing *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003)).

Here, a careful review of the record supports the ALJ's conclusion that the record lacks sufficient evidence to support a fibromyalgia diagnosis. *See* Tr. 13. However, the record's repeated references to a July 2017 fibromyalgia diagnosis (as well as the hearing testimony referencing the diagnosis) should have caused the ALJ to inquire as to whether this missing evidence was relevant at step two. The ALJ's failure to resolve this evidentiary insufficiency warrants remand. *See, e.g.*, *Toney v. Berryhill*, No. 17-80, 2018 WL 4090630, at *3 (D.S.C. Aug. 28, 2018) (remanding where a claimant's "diagnosis of fibromyalgia was preexisting by the time of the earliest of the records before the ALJ" because "the ALJ should have reasonably inferred that earlier existing records" might support a fibromyalgia diagnosis); *Heineck-Polizzi v. Comm'r of Soc. Sec.*, No. EAW-18-1445, 2020 WL 1284017, at *5 (W.D.N.Y. Mar. 18, 2020) (remanding where the ALJ determined that fibromyalgia was not medically determinable because "the ALJ should have further developed the record to obtain a medical source statement from a physician, offering evidence relevant to the requirements of SSR 12-2p").

The ALJ's failure to base their step-two determination upon a fuller evidentiary record was not without consequence. If the ALJ had determined that Plaintiff's fibromyalgia was a medically determinable impairment, the ALJ would have been required to consider the effects of fibromyalgia in assessing the RFC. *See Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) ("To make [an RFC] assessment, the ALJ must 'consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two.") (quoting 20 C.F.R. § 416.945(a)(2)) (brackets in original). "Accordingly, the error in evaluating [Plaintiff's] fibromyalgia . . . potentially impacted the subsequent steps of the disability determination process because [fibromyalgia] was not further considered." *Toney*, 2018 WL 4090630, at *5. Remand is therefore warranted so that the ALJ can "ensure that the record is complete as to Plaintiff's fibromyalgia" and "make a well-informed determination . . . in

*Caroline R. v. Kijakazi*
Civil No. 22-3025-BAH
September 8, 2023
Page 6

compliance with SSR 12-2p."[4]  *Heineck-Polizzi*, 2020 WL 1284017, at *5.

Because the case is being remanded on other grounds, I need not address Plaintiff's second argument.  On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion.

## V.   CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment, ECF 15, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[4] In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.